## Justice v. Williams.

(Decided January 16, 1912.)

### Appeal from Pike Circuit Court.

Account—Action Upon—Evidence.—Williams sued Justice upon an account and the latter interposed an answer, set off and counter claim which the court dismissed and rendered judgment on the account sued on. Held, that the evidence justified the finding of the chancellor.

BUTLER & MOORE for appellant.

AUXIER, HARMAN & FRANCIS for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellee sued appellant on an account amounting to $238.84. The account was contested and much proof heard, and the court rendered a judgment against appellant for the full amount, but there is no objections made on this appeal as to this action of the court. Appellant filed an answer, off-set and counterclaim amounting to about $500, which originated, according to appellant, about as follows: When the account commenced appellant was about to engage in cutting and marketing logs from his own premises in Pike county; he had no means to conduct the business, appellee knew this and promised him that if he would purchase his supplies from him he would furnish him all the means necessary to get the logs to market, and appellant claimed that they made an agreement to that effect and appellee furnished the amount of the account, which was sufficient to that time, but refused altogether, upon the date of the last item of the account, to furnish him any more money or supplies to carry the contract out. Appellant says that he used every effort possible to obtain assistance from other sources but could not, and that he lost several hundred logs worth the amount claimed by him, by rea-

son of appellee's failure to furnish him the supplies according to the agreement.

The lower court dismissed appellant's counterclaim and it is from this part of the order that he appeals. His counsel, in their brief, contend that appellant's claim was not denied either by pleading or proof. In this they are mistaken. In the first place, appellant's answer and counterclaim was controverted of record by consent of parties, and appellee gave his deposition in which he also denied it. The lower court determined from the testimony that either such contract was not made or appellee had sufficient cause to refuse to furnish further supplies, and we must give some weight to the action of the lower court, as he was in the county and most probably was acquainted with the persons who testified.

For these reasons, the judgment of the lower court is affirmed.